IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lannetta Danielle Farmer,

    Plaintiff,

  v.                                  Case No. 2:19-cv-2000

Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff Lannetta Danielle Farmer brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability, disability insurance, and supplemental security income benefits. In a decision rendered on March 4, 2019, the administrative law judge ("ALJ") found that plaintiff has severe impairments consisting of sacroiliitis, pseudo-seizures, degenerative arthritis of the spine, conversion disorder,[1] bilateral knee arthritis, right wrist tendonitis, de Quervain's tenosynovitis,[2] and obesity. R 12. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except:

[S]he can stand and/or walk one hour at a time and three

---

[1]Conversion disorder is a psychiatric condition in which emotional distress and unconscious conflict are expressed through physical symptoms. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 535 n. 2 (6th Cir. 2007).

[2]De Quervain's tenosynovitis is an inflammation of tendons on the side of the wrist at the base of the thumb, which can be brought on by a simple strain injury to the extensor pollicus longus tendon. *See Rivers v. Astrue*, 901 F.Supp.2d 1317, 1323 n. 4 (S.D. Ala. 2012)(citation omitted).

> hours total in a workday, sit for two hours at a time and six hours total in a workday, frequently handle and finger, occasionally climb ramps and stairs, and occasionally stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. She must avoid workplace hazards such as unprotected heights and machinery. She must not engage in commercial driving.

R. 17. The ALJ concluded that plaintiff is capable of performing her past relevant work as a dispatcher and appointment clerk, and that she retains the functional capacity to perform a significant number of other jobs in the national economy. R. 23-25. The ALJ found that plaintiff is not disabled. R. 25. This matter is now before the court for consideration of plaintiff's February 13, 2020, objections to the February 4, 2020, report and recommendation of the magistrate judge which recommended that the decision of the Commissioner be affirmed. The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*,

2

42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Consideration of Expert Opinions

1. Opinions of Dr. Veena Gaddam

Plaintiff objects to the conclusion of the magistrate judge that the ALJ provided good reasons for assigning little weight to the opinions of plaintiff's treating internist, Veena Gaddam, M.D. On December 20, 2016, Dr. Gaddam completed a fibromyalgia questionnaire and a rheumatoid arthritis impairment questionnaire. R. 1485 and 1478. On these check-box form questionnaires, Dr. Gaddam stated that plaintiff had several severe restrictions,

3

stating that plaintiff could stand for less than one hour per day, could sit for one to three hours per day, would require near-constant breaks to relieve pain, and could only occasionally use her hands to grasp, turn, twist, or engage in fine manipulations. Dr. Gaddam also completed a disability impairment questionnaire on October 22, 2018, *see* R. 4335, on which she indicated that plaintiff had numerous restrictions and must elevate both of her legs to chest level or higher while sitting.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376. However, the ALJ is not required to address each of these factors in the written decision. *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010); *see also Friend v. Comm'r of Soc. Sec.*, 375 F.

4

App'x 543, 551 (6th Cir. 2010)(a formulaic recitation of factors is not required).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, an ALJ need not discuss every piece of evidence in the record for his decision to stand, *see Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004), and the failure to cite specific evidence does not indicate that it was not considered, *see Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). *See also Bayes v. Comm'r of Soc. Sec.*, 757 F. App'x 436, 445 (6th Cir. 2018)(ALJ was not required to address each check mark on form completed by doctor). The ALJ may also accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2006).

The magistrate judge found no error in the ALJ's consideration of Dr. Gaddam's opinions, and the court agrees with the magistrate judge's analysis. The ALJ gave little weight to the functional assessments completed by Dr. Gaddam. The ALJ noted:

> [P]hysical exams have generally documented substantially normal findings, and the claimant has been in no distress, only mild distress, or no acute distress on exams. Indeed, September and December 2018 physical

>      exams from Dr. Gaddam's practice revealed entirely normal
>      findings, including a normal gait, power, strength, tone,
>      and reflexes with no motor deficit or atrophy (Ex.
>      43F/2,8). I note that Dr. Gaddam did not actually treat
>      the claimant for lupus, and there is no objective basis
>      to support Dr. Gaddam's assessment of such marked and
>      extreme limitations, including the assessment that the
>      claimant is required to elevate her legs to chest height.

R. 22. Elsewhere in his decision, the ALJ discussed plaintiff's treatment records at length, noting substantially normal findings on physical exams with the exception of arthritic changes in the sacroiliac joints, degenerative osteoarthritis of the knees, a diagnosis of de Quervain's tenosynovitis of the right wrist, and infrequent findings of tenderness or pain. R. 18-20.

The magistrate judge observed that although plaintiff reported joint pain localized to a single area on two occasions, Dr. Gaddam's treatment notes give no indication of the chronic widespread pain described by Dr. Gaddam in the questionnaires. Doc. 12, pp. 8-9. The magistrate judge also correctly concluded that the ALJ could assign little weight to an opinion from a treating source when the physician provided no explanation for the restrictions and cited no supporting objective medical evidence on checkbox forms. Doc. 12, pp. 8-9. *See Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 567 (6th Cir. 2016); *Price v. Comm'r of Soc. Sec. Admin.*, 342 F. App'x 172, 176 (6th Cir. 2009); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Although the ALJ did not refer to the fact that Dr. Gaddam's opinions were expressed on checkbox forms, the magistrate judge did not engage in impermissible post-hoc rationalization in making these observations. Rather, the magistrate judge properly examined the record evidence as a whole in deciding whether the ALJ's evaluation

6

of Dr. Gaddam's opinions was based on substantial evidence. It is the function of the magistrate judge and this court to review the record to determine whether the Commissioner's decision is supported by substantial evidence. *Ealy*, 594 F.3d at 512; *see also Eston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(review of the Commissioner's findings must be based on the record as a whole). The magistrate judge correctly concluded that the ALJ did not violate the treating physician rule or otherwise err in his consideration and weighing of Dr. Gaddam's opinions.

2. Opinion of Jonathan Nusbaum, M.D.

Dr. Jonathan Nusbaum, an expert certified in general surgery, reviewed plaintiff's medical records at the request of the ALJ and testified at the evidentiary hearing. Because Dr. Nusbaum was a consultant, the ALJ was not obligated to give "good reasons" for the weight assigned to his opinion. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). The ALJ generally gave significant weight to Dr. Nusbaum's assessments, but rejected his recommendation to limit plaintiff to using her hands for fine manipulation to less than fifty percent of the workday. Plaintiff objects to that determination.

The ALJ found that the examinations in the record, which documented "generally substantially normal findings," did not support Dr. Nusbaum's suggestion of the limitation of fine manipulation less that fifty percent of the workday, because "upper extremity findings were generally normal and support that the claimant could frequently handle and finger." R. 21. The ALJ also commented:

> It should be noted that "frequent" as defined under the relevant regulations means the ability to perform a task

7

> between one third and two thirds of a workday. Therefore, Dr. Nusbaum's testimony could be construed as consistent with the ability to frequently handle and finger.

R. 21, footnote 1. For example, the ALJ noted that in March, 2017, plaintiff was reported as having normal hand grip strength and no sensory deficits. R. 19. The ALJ took the records indicating tendonitis, de Quervain's syndrome, and plaintiff's report of tremor into account in limiting plaintiff to handling and fingering no more than frequently. R. 20.

The magistrate judge found no error in the ALJ's consideration and weighing of Dr. Nusbaum's opinion, and this court agrees with that determination. After considering the ALJ's comments summarized above, the magistrate judge also correctly noted that many of plaintiff's daily activities discussed by the ALJ, including cooking, folding clothes, washing dishes, and counting change, require fine manipulation. Doc. 12, p. 10. Plaintiff objects to this comment, noting that engaging in these activities would not be the equivalent of handling and fingering for between one third and two thirds of a workday. However, the magistrate judge was simply stating that these activities provided additional support for the ALJ's finding that plaintiff was capable of fine manipulation; she did not rely on these activities as the sole ground for her finding that the ALJ's determination was supported by sufficient evidence. This objection is not well taken.

B. Evaluation of Plaintiff's Testimony

Plaintiff objects to the conclusion of the magistrate judge that the ALJ properly evaluated plaintiff's statements regarding her symptoms. Consideration of a claimant's subjective symptoms is governed by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), which

8

eliminated the use of the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029 at *1. The new ruling directs the ALJ to look at whether the claimant's statements about the intensity, persistence and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record. *Id.*, 2016 WL 1119029 at *7. The ALJ can also consider evidence showing that the claimant is not following the prescribed treatment in weighing the claimant's claims of allegedly disabling symptoms. SSR 16-3p, 2016 WL 1119029 at *8.

The ALJ considered plaintiff's testimony and concluded that although her medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, "her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" R. 18. After a thorough discussion of plaintiff's treatment records, the ALJ concluded that, except for intermittent, relatively infrequent findings of tenderness and pain, the records "generally revealed substantially normal findings[.]" R. 18-19. The ALJ stated that plaintiff "has often reported symptoms with little in the way of objective findings." R. 20. The ALJ acknowledged diagnostic imaging evidence of sacroiliitis and knee osteoarthritis and a diagnosis of de Quervain's tenosynovitis/right wrist tendonitis, but he took those conditions into account in fashioning her RFC. R. 19-20. The ALJ noted plaintiff's noncompliance with physical therapy in 2016. R. 18. In addition, as the magistrate judge observed, Dr. Gaddam stated on the October 22, 2018, disability impairment questionnaire that she had not seen plaintiff for one-and-a-half

9

years, when plaintiff should have been seen every three months. R. 4335.

The ALJ observed that the "record documents generally only conservative, non-invasive treatment." R. 22. *See Lester v. Social Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015)(ALJ properly considered conservative treatment in concluding that claimant was not suffering from disabling impairments). Plaintiff argues that her alleged conditions of lupus and rheumatoid arthritis are autoimmune in nature and that they do not call for surgery. She further alleges that the ALJ should have considered that the symptoms of lupus, rheumatoid arthritis and fibromyalgia can increase and decrease in severity over time.

The ALJ did not find that lupus, rheumatoid arthritis and fibromyalgia were serious impairments in this case, and plaintiff has not raised this as error. The ALJ noted that Dr. Gaddam did not actually treat plaintiff for lupus, and he gave significant weight to the opinion of Dr. Nusbaum that plaintiff's serologist studies did not support a diagnosis of lupus. R. 21-22, 59. The ALJ observed that there was no evidence of active autoimmune disease in February of 2017. R. 19. Dr. Nusbaum also testified that there was no clear-cut diagnosis of rheumatoid arthritis in plaintiff's case. R. 62.

Plaintiff relies on the treatment notes and opinions of Dr. Gaddam. However, as the magistrate judge observed, Dr. Gaddam's notes do not support plaintiff's subjective complains of pain. Doc. 12, pp. 8-9. Although Dr. Gaddam completed a fibromyalgia questionnaire and noted on the rheumatoid arthritis questionnaire dated December 20, 2016, that plaintiff had joint pain in several areas, her treatment notes from the same date do not list any

10

diagnoses related to fibromyalgia, lupus or rheumatoid arthritis. Those treatment notes indicated that plaintiff was experiencing no joint pain, was in no acute distress, had a full range of motion, had no tenderness, swelling or sensory deficit, and had normal power, strength, tone and gait. R. 1658-59. As the magistrate judge stated, although plaintiff reported left forefinger pain and stiffness on January 30, 2017, and left knee pain in December 19, 2018, Dr. Gaddam's treatment notes do not support the chronic, widespread pain described in the questionnaires. Doc. 12, pp. 8-9. The ALJ's observation, R. 19, that the treatment records "generally revealed substantially normal findings" except for intermittent, relatively infrequent findings of tenderness or pain, with reports that "claimant was in no distress, mild distress, or no acute distress on exams," is supported by substantial evidence.

Plaintiff also argues that her treatment with medication should not be considered conservative, as those medications carry the risk of harmful side effects. However, the ALJ stated,

> Medications have helped control or reduce her symptoms, and the record does not document significant, persistent medication side effects, though the above-identified RFC accommodates potential side effects from her medication in the form of environmental limitations.

R. 22. The ALJ appropriately considered plaintiff's claimed symptoms. The ALJ's determination that the "location, duration, frequency, and intensity of her alleged symptoms, as well as precipitating and aggravating factors, are adequately addressed and accommodated" in the RFC is supported by substantial evidence.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons for the weight he assigned to Dr. Gaddam's

opinions, that he appropriately weighed the opinion of Dr. Nusbaum, and that he properly evaluated plaintiff's testimony concerning her symptoms in formulating her RFC.  The ALJ's non-disability finding is supported by substantial evidence.  The court overrules the plaintiff's objections (Doc. 15), and adopts and affirms the magistrate judge's report and recommendation (Doc. 12).  The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

Date: March 27, 2020                  s/James L. Graham
                                                   James L. Graham
                                                 United States District Judge